UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| FREDERICK SWAIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 3:08-CV-122 |
| v. | ) | (PHILLIPS/SHIRLEY) |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

This case is before the undersigned pursuant to 28 U.S.C. § 636(b), Rule 72(b) of the Federal Rules of Civil Procedure, and the Rules of this Court for a report and recommendation regarding disposition. On September 8, 2008, the Defendant Michael J. Astrue, Commissioner of Social Security, ("the Commissioner") filed a Motion to Dismiss [Doc. 7]. In his motion, the Commissioner moves this Court to dismiss the Plaintiff's action pursuant to Federal Rule of Criminal Procedure 12(b)(6) because it is untimely. The Plaintiff has not responded to the Commissioner's motion, and the time for doing so has passed. Local Rules of the United States District Court for the Eastern District of Tennessee, Rule 7.1(a).

## I. INTRODUCTION

In support of his motion, the Commissioner filed the affidavit of Ernest Baskerville, Chief of Court Case Preparation and Review in Appellate Operations for the Office of Disability Adjudication and Review in the Social Security Administration. [Doc. 8]. This affidavit supplies the pertinent facts in this case. The affidavit states that in July 2007, an Administrative Law Judge (ALJ) found the Plaintiff was not disabled and, therefore, not entitled to disability benefits. The

Plaintiff then requested review of the ALJ's decision by the Social Security Appeals Council ("the Appeals Council"), but the Appeals Council denied review [Doc. 8-2]. The Appeals Council notice of denial of review stated:

- You have 60 days to file a civil action (ask for court review).

- The 60 days start the day after you receive this letter. We assume you received this letter 5 days after the date on it unless you show us that you did not receive it within the 5-day period.

- If you cannot file for court review within 60 days, you may ask the Appeals Council to extend your time to file. You must have a good reason for waiting more than 60 days to ask for court review. You must make the request in writing and give your reason(s) in the request.

[Doc. 8-3 at 2]. The notice of denial of review is dated January 30, 2008. The Plaintiff made no request to extend the time to file, but the Plaintiff did not file his Application for Leave to Proceed In Forma Pauperis [Doc. 1] with the Court until April 7, 2008.

## II. ANALYSIS

"[T]he United States, as sovereign, 'is immune from suit save as it consents to be sued . . . and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit.'" Lehman v. Nakshian, 453 U.S. 156, 160 (1981) (quoting United States v. Testan, 424 U.S. 392, 399 (1976) and United States v. Sherwood, 312 U.S. 584, 586-87 (1941)). Thus, where Congress waives the Government's immunity from suit, as it has in the instant case, the right to sue is limited by any conditions the Government has placed on its consent. Lehman, 453 U.S. at 160. The "conditions upon which the Government consents to be sued must be strictly observed and exceptions thereto are not to be implied." Id. (quoting Soriano v. United States, 352 U.S. 270, 276 (1957)).

2

Judicial review of final decisions on disability claims arising under the Social Security Act is provided for and limited by 42 U.S.C. § 405, which in pertinent part states:

> (g) Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow. . . .

The Commissioner, through regulation, has interpreted the 60-day statute of limitations as follows:

> (c) Time for instituting civil action. Any civil action described in paragraph (a) of this section must be instituted within 60 days after the Appeals Council's notice of denial of request for review of the presiding officer's decision or notice of the decision by the Appeals Council is received by the individual, institution, or agency, except that this time may be extended by the Appeals Council upon a showing of good cause. For purposes of this section, the date of receipt of notice of denial of request for review of the administrative law judge's decision or notice of the decision by the Appeals Council shall be presumed to be 5 days after the date of such notice, unless there is a reasonable showing to the contrary. . . .

20 C.F.R. § 422.210. Thus, absent a request for an extension of time to file, a claimant must institute a civil action for judicial review of the Commissioner's decision within 65 days of the Appeals Council's notice of denial.

Earnest Baskerville's affidavit states that the Plaintiff has not requested an extension of time in which to file his complaint. [Doc. 8 at 3]. As noted above, the Appeals Council's notice of denial of request for review was dated January 30, 2008, and thus, the Plaintiff had up to and including April 4, 2008, to timely file a complaint with the Court. However, the Plaintiff did not file his Application for Leave to Proceed In Forma Pauperis [Doc. 1] until April 7, 2008—more than 65 days after the Appeals Council's notice of denial. Accordingly, the Court finds that the Plaintiff's

3

complaint is not timely. Furthermore, the Plaintiff has not responded to the Commissioner's Motion to Dismiss [Doc. 7]—filed almost four months ago— and pursuant to Local Rule 7.2, such failure "may be deemed a waiver of any opposition to the relief sought."

### III. CONCLUSION

Because the Plaintiff's action was not timely, the Plaintiff failed to request an extension of time in which to file, and the Plaintiff has not responded to the Commissioner's Motion to Dismiss [Doc. 7], it is hereby **RECOMMENDED**[1] that the Commissioner's Motion to Dismiss **[Doc. 7]** be **GRANTED**.

Respectfully submitted,

   s/ C. Clifford Shirley, Jr.
United States Magistrate Judge

---

[1] Any objections to this report and recommendation must be served and filed within ten (10) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Crim. P. 59(b)(2). Failure to file objections within the time specified waives the right to review by the District Court. Fed. R. Crim. P. 59(b)(2); see United States v. Branch, 537 F.3d 582, 587 (6th. Cir. 2008); see also Thomas v. Arn, 474 U.S. 140, 155 (1985) (providing that failure to file objections in compliance with the ten-day time period waives the right to appeal the District Court's order). The District Court need not provide de novo review where objections to this report and recommendation are frivolous, conclusive, or general. Mira v. Marshall, 806 F.2d 636, 637 (6th Cir. 1986). Only specific objections are reserved for appellate review. Smith v. Detroit Federation of Teachers, 829 F.2d 1370, 1373 (6th Cir. 1987).